Mullan, J.
The tenant was in under a lease for years which contained a provision allowing the landlord to terminate the lease by the giving of a ten-day notice, and the doing of certain other things. That the landlord did everything necessary to work a valid conditional limitation, except in respect of the matter hereinafter referred to, is conceded. The rent was payable in monthly instalments, in advance. On December seventeenth the ten-day notice was sent, fixing December, twenty-seventh as the day of surrender. Prior to the giving of the notice, the tenant had paid the December rent. The tenant’s sole point below was, and is here, that the cancellation clause ought to be so construed as to require that the ten-day notice, to be effectual, should fix the end of a calendar month as the surrender day. The only reason suggested as warranting such a construction is that the landlord, by accepting rent for a given month, should not be permitted to recapture his property at any time thereafter during that month. We see no merit in the argument. The tenant agreed, in the plainest language, to allow the landlord to cause the termination of the lease in the precise manner here adopted. There is nothing in any other part of the lease that touches the matter. The very length of the ten-day period of itself suggests that the surrender day was not necessarily to be any particular day *376 ¡of a month. The question of what shall be done about the unearned rent from December twenty-seventh to the end of December is not before us.
The final order is reversed, with thirty dollars costs in this court, and a final order is directed awarding .to the petitioner the delivery of the possession of the premises, with costs to the petitioner.
Guy and Bijur, JJ., concur.
Final order reversed, with thirty dollars costs.